IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                                                                   No. CR 08-2439 JB

RICHARD GARCIA,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed March 26, 2010 (Doc. 53). The Court held a sentencing hearing on May 3, 2010. The primary issue is whether a variance from the advisory guideline sentencing range for Count 1 of the First Superceding Indictment, filed December 3, 2008 (Doc. 17), as calculated in the Presentence Investigation Report ("PSR"), is warranted. The PSR calculated Defendant Richard Garcia's offense level as to Count 1 -- possession with intent to distribute 500 grams and more of a mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) -- as 23 and the criminal history category as IV, establishing a guideline imprisonment range of 70 to 87 months. Pursuant to U.S.S.G § 2K2.4, the guideline sentence for Count 3 of the First Superceding Indictment -- possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(I) -- is the minimum statutory term of imprisonment: 60 months.[1] For the reasons stated on the record and for further reasons consistent with those

---

[1] As part of the parties' plea agreement, the Court dismissed Counts 2 and 4 of the First Superceding Indictment without prejudice. See Motion to Dismiss Counts 2 and 4 of Superseding [sic] Indictment CR No. 08-2439 Without Prejudice Regarding Defendant Richard Garcia, filed May 10, 2010 (Doc. 58); Order of Dismissal Without Prejudice, filed May 11, 2010 (Doc. 62).

already stated, the Court will grant Garcia's request for a variance as to Count 1, and sentence him to 60 months for Count 1 and 60 months for Count 3, with the sentences to run consecutively.

The Court adopts the guideline calculations in the PSR as its own. The Court has carefully considered the guidelines and has considered other sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant.

The Court believes the mandatory minimum sentence in Count 3 is required and will impose a sentence of 60 months as to that count. Pursuant to Application Note 2(A) of section 2K2.4, the Court must run the 60-month sentence for Count 3 consecutive to any sentence for Count 1. See U.S.S.G. § 2K2.4 app. n.2(A)("Each of 18 U.S.C. §§ 924(c) or § 929(a) also requires that a term of imprisonment imposed under that section shall run consecutively to any other term of imprisonment."); 18 U.S.C. § 924(c)(1)(D)(ii)(stating that "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed.").

As to Count 1, the offense level is 23 and the criminal history category is IV, establishing a guideline sentencing range of 70 to 87 months. The statutory minimum sentence for Count 1 is also 60 months. See 21 U.S.C. § 841(b)(1)(B)(stating that "such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years"). After careful consideration of the factors set forth in 18 U.S.C. § 3553(a), the Court finds that the punishment set forth in the guidelines for Count 1 is not appropriate. For the reasons stated on the record and for further reasons consistent with those already stated, the Court finds that a variance of 10 months, to a sentence of 60 months, rather than the low end of 70 months, is appropriate in this case. The

60-month consecutive sentences here makes the 120-month total sentence long for the offenses at issue here; on the other hand, 120 months is the minimum the Court can impose for these offenses. The Court believes the two consecutive 60-month sentences adequately reflect the seriousness of the offenses and promote respect for the law -- both by Garcia specifically and by the public at large. The consecutive sentences also are sufficient to afford adequate deterrence and to protect the public. While the Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Martinez-Barragan, 545 F.3d 894, 898 (10th Cir. 2008)("A sentence is substantively reasonable when the length of the sentence reflects the gravity of the crime and the § 3553(a) factors as applied to the case.") -- this sentence is more reasonable than one within the guidelines. Finally, the Court believes the consecutive sentences are sufficient without being greater than necessary to comply with the purposes of punishment set forth in the Sentencing Reform Act.

**IT IS ORDERED** that Defendant Richard Garcia's request for a variance is granted. The Court sentences Garcia to 60 months for Count 1 of the First Superceding Indictment and 60 months for Count 3. The two terms shall run consecutively for a total term of 120 months in the custody of the Bureau of Prisons.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Gregory J. Fouratt
  United States Attorney
Elaine Y. Ramirez
Stephen R. Kotz
  Assistant United States Attorneys
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Mario A. Esparza
Las Cruces, New Mexico

    *Attorney for the Defendant*