# UNITED STATES DISTRICT COURT
### District of New Mexico

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| V. | |
| **Richard Garcia** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **1:08CR02439-001JB** |
| | USM Number: **37556-051** |
| | Defense Attorney: **Mario Esparza, Retained** |

THE DEFENDANT:

☒  pleaded guilty to count(s) **1 and 3 of First Superceding Indictment**
☐  pleaded nolo contendere to count(s)
☐  after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 21 U.S.C. Sec. 841 (b)(1)(B) | Possession with Intent to Distribute 500 Grams and More of Cocaine. | 09/03/2008 | 1 |
| 18 U.S.C. Sec. 924 (c)(1)(A)(l) | Possession of a Firearm in Furtherance of a Drug Trafficking Crime. | 09/03/2008 | 3 |

The defendant is sentenced as specified in pages 2 through **6** of this judgment. The sentence is imposed under the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count .
☒  Count **SI 2 and SI 4** are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | **May 3, 2010** |
|---|---|
| County of Residence | Date of Imposition of Judgment |
| | |
| | **/s/ James O. Browning** |
| | Signature of Judge |
| | |
| | **Honorable James O. Browning** |
| | **United States District Judge** |
| | Name and Title of Judge |
| | |
| | **August 30, 2010** |
| | Date Signed |

Defendant: **Richard Garcia**
Case Number: **1:08CR02439-001JB**

# IMPRISONMENT

The defendant is committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **120 months**.

**60 months is imposed as to Count SI 1; 60 months is imposed as to Count SI 3; said terms shall run consecutively for a total term of 120 months.**

The Court incorporates its Memorandum Opinion and Order in United States v. Garcia, CR 08-2439 (D.N.M.), filed August 30, 2010 (Doc. 67). Garcia`s offense level as to Count 1 is 23 and his criminal history category is IV, establishing a guideline imprisonment range of 70 to 87 months. Pursuant to U.S.S.G. § 2K2.4, the guideline sentence for Count 3 of the First Superceding Indictment is 60 months. The Court has carefully considered the guidelines and has considered other sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. The Court believes the mandatory minimum sentence in Count 3 is required and will impose a sentence of 60 months as to that count. Pursuant to Application Note 2(A) of section 2K2.4, the Court must run the 60-month sentence for Count 3 consecutive to any sentence for Count 1. See U.S.S.G. § 2K2.4 app. n.2(A)("Each of 18 U.S.C. §§ 924(c) or § 929(a) also requires that a term of imprisonment imposed under that section shall run consecutively to any other term of imprisonment."); 18 U.S.C. § 924(c)(1)(D)(ii)(stating that "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed.").

The statutory minimum sentence for Count 1 is also 60 months. See 21 U.S.C. § 841(b)(1)(B)(stating that "such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years"). After careful consideration of the factors set forth in 18 U.S.C. § 3553(a), the Court finds that the punishment set forth in the guidelines for Count 1 is not appropriate. The Court finds that a variance of 10 months, to a sentence of 60 months, rather than the low end of 70 months, is appropriate in this case. The 60-month consecutive sentences here makes the 120-month total sentence long for the offenses at issue here; on the other hand, 120 months is the minimum the Court can impose for these offenses. The Court believes the two consecutive 60-month sentences adequately reflect the seriousness of the offenses and promote respect for the law -- both by Garcia specifically and by the public at large. The consecutive sentences also are sufficient to afford adequate deterrence and to protect the public. While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Martinez-Barragan, 545 F.3d 894, 904-05 (10th Cir. 2008)("A sentence is substantively reasonable when the length of the sentence reflects the gravity of the crime and the § 3553(a) factors as applied to the case.") -- this sentence is more reasonable than one within the guidelines. Finally, the Court believes the consecutive sentences are sufficient without being greater than necessary to comply with the purposes of punishment set forth in the Sentencing Reform Act.

☒      The court makes these recommendations to the Bureau of Prisons:

  **Phoenix Federal Correctional Institution, Phoenix, Arizona, if eligible
  The Court recommends the defendant participate in the Bureau of Prisons 500 hour drug and alcohol treatment program.**

☒      The defendant is remanded to the custody of the United States Marshal.
☐      The defendant must surrender to the United States Marshal for this district:
  ☐   at    on
  ☐   as notified by the United States Marshal.
☐      The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐   before 2 p.m. on
  ☐   as notified by the United States Marshal
  ☐   as notified by the Probation or Pretrial Service Office.

**RETURN**

I have executed this judgment by:

Defendant delivered on _____ to _____ at _____ with a Certified copy of this judgment.

UNITED STATES MARSHAL

Deputy United States Marshal

Defendant: **Richard Garcia**
Case Number: **1:08CR02439-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **4 years** .

**4 years is imposed as to each Count S1 1 and SI 3; said terms shall run concurrently for a total term of 4 years.**
The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. The defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

- ☐ The above drug testing condition is suspended based on the courts determination that the defendant possesses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.
The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program throughout the term of supervised release as directed by the probation officer;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

Defendant: **Richard Garcia**
Case Number: **1:08CR02439-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant shall not possess, have under his control, or have access to any firearm, ammunition, explosive device, or other dangerous weapons, as defined by federal, state, or local law.**

**The defendant must participate in an educational or vocational program as approved by the probation officer.**

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting illegal narcotics, firearms, and any other dangerous weapons at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**The defendant must refrain from the use and possession of alcohol and other forms of intoxicants. He must not frequent places where alcohol is the primary item for sale.**

**The Defendant must participate in and successfully complete a substance abuse treatment program which may include drug testing or outpatient counseling. The Defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance testing device or procedure. The Defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.**

Defendant: **Richard Garcia**
Case Number: **1:08CR02439-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments.
☐   The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
|  | $200.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A   ☒   In full immediately; or
B   ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**Consistent with a stipulation in the plea agreement, the Defendant forfeits his rights, title and interest to the following: Taurus 9mm, Serial #TSD47978-PT92AF and 1964 Chevrolet 2-door Impala, VIN #418676151480.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.